UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANEKA M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C19-1560-MAT <br><br> ORDER RE: MOTION TO DISMISS |

INTRODUCTION

Plaintiff alleges a denial of due process and seeks an order remanding this matter for a hearing on the issue of her disability. (Dkt. 1.) The Commissioner of the Social Security Administration (Commissioner) filed a Motion to Dismiss plaintiff's complaint for lack of subject matter jurisdiction. (Dkt. 12.) Having considered the motion and plaintiff's response (Dkt. 14), as well as the remainder of the record, the Court herein concludes the Commissioner's motion to dismiss should be DENIED and this matter REMANDED for further consideration.

BACKGROUND

The Commissioner denied plaintiff's applications for Social Security disability benefits initially and on reconsideration. Plaintiff requested a hearing, which the Commissioner scheduled to occur on October 16, 2018. (*See* Dkt. 13, Exs. 7-9.) The Notice of Hearing advised: "If you

ORDER
PAGE - 1

are not able to attend your hearing at the time and place I have set, please call this office immediately." (*Id*., Ex. 8.) It stated a request for a change in the time or place of the hearing must be in writing and occur at the earlier of either thirty days after the date of the notice or five days prior to the hearing. The ALJ would decide whether plaintiff had a good reason for the change using applicable standards.

On October 15, 2018, plaintiff submitted the following statement, signed under penalty of perjury:

> I will not be able to attend my hearing on 10/16/18 because I have a restraining order petition the same day that I am scheduled for hearing. I could not change the restraining order petition because the judge changed the date already due to my foot and ankle surgery the next day on 10/17/18. Please reschedule my court date. I have been calling and leaving messages for a week and no one called me back.

(*Id*., Ex. 10.) Plaintiff did not appear for the ALJ hearing the following day.

In a letter dated October 18, 2018, the ALJ stated plaintiff would need to show good cause if she still wanted a hearing with an ALJ. (*Id*., Ex. 11.) The letter asked that plaintiff "provide proof of the date and time for the court hearing, and when you requested your continuance due to your surgery." (*Id*.) The ALJ also requested plaintiff, within ten days, return a "Request to Show Cause for Failure to Appear" form, providing an explanation for the ALJ to review and use the rules in the Code of Federal Regulations to decide whether it showed a good reason for missing the hearing. (*Id*.)

Plaintiff, who was not then or at any prior point represented by counsel, did not respond to the ALJ's request for more information. On December 3, 2018, the ALJ issued a Notice and Order of Dismissal. (*Id*., Ex. 12.) In the order, the ALJ noted plaintiff's "request for postponement indicating she had a court hearing the same day for a restraining order that could not be changed",

ORDER
PAGE - 2

the notice sent to plaintiff requesting she "provide proof of the court hearing she had to attend", and her failure to respond within ten days of the notice. (*Id*. at 53.) The ALJ stated he had considered the factors set forth in 20 C.F.R. §§ 404.957(b)(2) and 416.1457(b)(2), meaning "any physical, mental, education, or linguistic limitations (including any lack of facility with the English language))", and found "no good cause for the claimant's failure to appear at the time and place of hearing." (*Id*. at 52-53.) The ALJ dismissed the request for a hearing and stated the prior determinations remained in effect.

Plaintiff filed a request for review of the dismissal. (*Id*., Ex. 13.) The request described the reason for appeal as follows: "Claimant had to go to court for a restraining order for the safety of family. The next day had a surgery scheduled. Could not make hearing and asked for extension." (*Id*.) The Appeals Council, on July 26, 2019, denied the request for review, stating it had considered plaintiff's reasons for disagreement, but found no basis for changing the ALJ's decision. (*Id*., Ex. 14.) Plaintiff thereafter commenced the current action in this Court.

## DISCUSSION

Judicial review of a claim for Social Security disability benefits is limited to review of a "final decision of the Commissioner of Social Security made after a hearing[.]" 42 U.S.C. § 405(g); *accord Califano v. Sanders*, 430 U.S. 99, 107-08 (1977) (§ 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'") This Court lacks subject matter jurisdiction over claims upon which there has been no final agency action. 42 U.S.C. § 405(g) and § 405(h) ("The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.");

ORDER
PAGE - 3

*Weinberger v. Salfi*, 422 U.S. 749, 763-66 (1975) (interpreting § 405(g)'s requirement of a final decision after a hearing "to be central to the requisite grant of subject-matter jurisdiction – the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'"); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) ("Section 405(g) requires an SSI claimant to obtain a final judgment from the Secretary before seeking judicial review.")

The meaning of the term "final decision" is to be defined by the Commissioner's regulations. *Weinberger*, 422 U.S. at 766. Under the regulations, a claimant obtains the Commissioner's final decision only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a). As stated by the Ninth Circuit, "[a] final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (citing *Johnson*, 2 F.3d at 921).

An ALJ may dismiss a request for a hearing where (1) neither the claimant, nor the person designated to act as the claimant's representative appears for the hearing, (2) the claimant has been notified before the hearing that the request may be dismissed without further notice for a failure to appear, and (3) good cause for the failure to appear has not been found by the ALJ. 20 C.F.R. §§ 404.957(b)(1)(i), 416.1457(b)(1)(i). A hearing request may also be denied where neither the claimant, nor the representative appears and, within ten days after the hearing date, the ALJ mails a notice asking why the claimant did not appear and the claimant does not give a good reason for the failure to appear. *Id*. at (b)(1)(ii). In determining good cause, the ALJ will consider any physical, mental, education, or linguistic limitations (including any lack of facility with the English

ORDER
PAGE - 4

language) the claimant may have.  *Id*. at (b)(2).

Where a claim is dismissed for failure to appear at a scheduled hearing, the dismissal of a request for a hearing becomes binding.  20 C.F.R. §§ 404.957, 404.959, 416.1457, 416.1459.  The denial of a request for a hearing is not subject to judicial review.  *See* §§ 404.903(a), 416.1403(a) ("Administrative actions that are not initial determinations may be reviewed by us, but they are not subject to the administrative review process provided by this subpart and they are not subject to judicial review.").  That is, where a claimant fails to appear for a scheduled hearing, she fails to exhaust "'the administrative remedy upon which judicial review depends[,]'" and there is no final decision by the Commissioner.  *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (quoting *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992)).

An exception to the administrative exhaustion requirement exists where a plaintiff raises a "colorable" constitutional challenge to the Commissioner's decision.  *Sanders*, 430 U.S. at 109; *Subia*, 264 F.3d at 902.  "A constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous."  *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (internal quotation marks and quoted sources omitted).  The mere assertion of a bare constitutional violation without supporting allegations is not a colorable constitutional claim.  *Id.*  "Rather, the claim must be supported by facts sufficient to state a violation of substantive or procedural due process."  *Id*. (internal quotation marks and quoted sources omitted).  A claimant who cites "arguably relevant" case law in support of her claim has asserted a colorable claim.  *See Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001).  Determining whether a constitutional claim is colorable requires an examination of its merits; however, a determination that a claim lacks merit does not necessarily mean that it is not colorable.  *Boettcher v. Secretary of Health & Human Services*, 759 F.2d 719, 722 (9th Cir. 1985).

In moving for dismissal, the Commissioner argues plaintiff failed to exhaust her administrative remedies, thereby precluding judicial review. The Commissioner asserts plaintiff did not establish good cause for her failure to appear given her failure to submit proof of the date and time of her court hearing and when she requested a continuance due to her surgery.

Plaintiff asserts a denial of due process through the ALJ's failure to rule on her October 15, 2018 request for postponement and failure to consider whether she set forth good cause for missing her hearing. Plaintiff notes, for example, the ALJ's failure to consider her sworn statement she had been leaving messages for a week and therefore requested postponement within five days of the hearing. Also, while plaintiff did not respond to the request for additional information, she was unrepresented and had just provided a sworn statement she had a hearing for a restraining order on the same date as the Social Security hearing. Plaintiff argues the ALJ failed to ever consider her statement or to explain why it did not establish good cause for the failure to appear.

Claims alleging violations of procedural due process "require (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare*, 325 F.3d at 1085. Claimants seeking Social Security disability benefits have a property interest in those benefits and are entitled to due process in the determination of their claims. *Id*. and *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir. 2001) ("We recognize this principle as governing administrative adjudications of social security benefit claims."). *Accord Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). "It is axiomatic that due process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

An agency's failure to follow its own regulations does not, standing alone, establish a

ORDER
PAGE - 6

violation of due process. *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) ("'[W]hile courts have generally invalidated adjudicatory actions by federal agencies which violated their own regulations promulgated to give a party a procedural safeguard, . . . the basis for such reversals is not . . . the Due Process Clause, but rather a rule of administrative law.'") (quoted source omitted). Nor does a challenge to the merits of an ALJ's decision regarding good cause set forth a constitutional claim. *Dexter v. Colvin*, 731 F.3d 977, 981 (9th Cir. 2013).

Due process does, however, require the Commissioner to consider all "potentially valid reasons" offered by a claimant for establishing good cause. *Id*. at 980. In addition, "when the Commissioner promulgates regulations explaining what circumstances may constitute good cause and an applicant relies on one or more of them in explaining her delay, some explanation is required of why the applicant's potentially valid reasons for good cause are rejected." *Id*. at 981 (finding right to due process implicated where the ALJ addressed only one of three reasons proffered). As explained by the Ninth Circuit:

> While Dexter is not entitled to judicial review of the merits of the ALJ's good-cause decision, she was entitled to seek administrative review of that decision with the Appeals Council. The Appeals Council could not have made an informed decision to deny review without knowing what the ALJ's reasons were for rejecting Dexter's assertion that her mother's death and her own illness justified her delay.

*Id*. at 982.

In *Dexter*, the Ninth Circuit addressed a case in which a claimant's request for a hearing was denied as untimely and the regulations addressing good cause determinations for missing the deadline to request review. *Id*. at 980-82. The regulations at issue included consideration of, *inter alia*, "(1) circumstances that kept the claimant from making the request on time; . . . and (4) whether the claimant had any "physical, mental, educational, or linguistic limitations" preventing

ORDER
PAGE - 7

a timely filing. 20 C.F.R. §§ 404.911(a), 416.1511(a). Examples of circumstances supporting good cause included, but were not limited to, the existence of "[u]nusual or unavoidable circumstances," including a claimant's physical, mental, or other limitations showing a claimant could not have known of the need to file timely or which prevented timely filing. *Id*. at (b).

The current matter entails a failure to appear, rather than the failure to request review addressed in *Dexter*. However, as set forth in the Hearings, Appeals and Litigation Law Manual (HALLEX), a failure to appear involves the same or similar considerations. That is, "'good cause' refers to a reasonable explanation for failing to comply with a requirement[,]" an ALJ must "base his or her decision on the circumstances of each individual case[,]" and, in so doing, an ALJ "must consider any physical, mental, educational, or linguistic limitations that may have prevented the claimant from appearing at the scheduled time and place of the hearing, akin to the requirements for consideration of good cause for late filing in 20 CFR 404.911 and 416.1411 and Social Security Ruling 91-5p."  HALLEX I-2-4-25(B).[1]  Further: "Good cause for failing to appear at the scheduled time and place of hearing generally exists when an unforeseeable event occurred that did not provide the claimant or the appointed representative enough time to notify the ALJ and request a postponement before the scheduled hearing. HALLEX I-2-4-25(C)(1)(b).

In this case, plaintiff identified, prior to the hearing, specific and unusual circumstances preventing her ability to attend, including a court hearing for a restraining order scheduled for the same day and her inability to reschedule the court hearing because it had already been changed to account for surgery scheduled to occur on October 17, 2018, the day after the conflicting ALJ and

---

[1] HALLEX "is strictly an internal Agency manual, with no binding legal effect on the Administration or [the] court." *Clark v. Astrue*¸ 529 F3d 1211, 1216 (9th Cir. 2008) (citing *Moore v. Apfel,* 216 F.3d 864, 868–69 (9th Cir. 2000)). However, as an Agency manual, HALLEX is "'entitled to respect' under *Skidmore v. Swift & Co.*, [323 U.S. 134] (1944), to the extent that it has the 'power to persuade.'" *Id*. (citing *Christensen v. Harris County*, 529 U.S. 576, 587 (2000)).

ORDER
PAGE - 8

court hearings. Also, in stating she had been calling and leaving messages for a week and had not been called back, plaintiff's pre-hearing statement reflected her compliance with the direction in the Notice of Hearing to call if she was not able to attend the hearing. In addition, while plaintiff did not respond to the ALJ's request for additional information regarding the scheduling of her court hearing, she was not represented by counsel, had just gone to court to obtain a restraining order to protect her family, and, immediately thereafter, had surgery.

The ALJ did not consider all potentially valid reasons offered by plaintiff for establishing good cause for her failure to appear at hearing. The ALJ mentioned plaintiff was unrepresented, her "request for postponement indicating she had a court hearing the same day for a restraining order that could not be changed", her failure to appear, and her failure to respond to a request "to provide proof of the court hearing she had to attend." (Dkt. 13 at 53.) He did not mention the court hearing had already been rescheduled due to surgery scheduled to occur the day after the hearing. *See, e.g., Dexter*, 731 F.3d at 981 (ALJ addressed claimant's assertion that she was unaware of filing deadline, but not that she was "very sick" and "preoccupied with caring for her mother, who had died of cancer.") Nor did the ALJ mention plaintiff's assertion she repeatedly called and left messages reporting her inability to attend in the week prior to the hearing.

The ALJ also failed to provide an explanation for rejecting the circumstances relied upon by plaintiff for her inability to appear at hearing. The ALJ stated he had considered the relevant regulatory factors and found no good cause. He did not discuss the facts or circumstances relevant to that conclusion. He did not address any physical or mental limitations that may have prevented plaintiff's appearance or her response to the request for additional information, such as limitations associated with her surgery or her need for a restraining order. The ALJ did not explain why a court hearing for a restraining order that could not be rescheduled due to upcoming surgery did

ORDER
PAGE - 9

not establish good cause for the failure to appear.

The Court, in sum, concludes the Appeals Council lacked a meaningful basis to review the rationale and validity of the ALJ's decision, that plaintiff presents a colorable constitutional claim through a denial of a meaningful opportunity to be heard, and that the Court has subject matter jurisdiction. Having found as such, the Court concludes this matter should be remanded to the Social Security Administration for further consideration of plaintiff's claim.[2]

## CONCLUSION

Plaintiff raises a colorable constitutional claim giving rise to subject matter jurisdiction. Defendant's motion to dismiss based on an absence of jurisdiction (Dkt. 12) is DENIED. This matter is REMANDED for further consideration of plaintiff's claim.

DATED this 6th day of May, 2020.

Mary Alice Theiler
United States Magistrate Judge

---

[2] The Court leaves to the Commissioner the determination of whether the remand should entail further consideration of the grounds for good cause, *see Dexter*, 731 F.3d at 982, or for consideration of plaintiff's claim on the merits.

ORDER
PAGE - 10